IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TONY BORREGO, PRO SE, <br> TDCJ-CID No. 1218527 <br><br> Plaintiff, <br><br> v. <br><br> TEXAS DEPT. OF CRIMINAL JUSTICE, <br> DOUGLAS DRETKE, <br> RONALD R. LACY, and <br> P. PONDER, <br><br> Defendants. | § § § § § § § § § § § § § § | 2:05-CV-0173 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff TONY BORREGO, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

After review of plaintiff's original complaint, the Court issued a January 24, 2006, Notice of Deficiency informing plaintiff, in relevant part, that he had failed to sign his complaint, failed to utilize the form provided by the Court for filing a prisoner civil rights complaint, and failed to submit copies of relevant step 2 grievances in response to question no. 3 of the complaint form. Plaintiff was also instructed he had failed to submit an application for pauper status and a six-month history of his inmate trust account. Plaintiff was provided with a complaint form and ordered to cure the deficiencies.

Plaintiff filed an amended complaint on February 9, 2006[1]. By the amended complaint, plaintiff violated the Court's order by incorporating his original complaint by reference[2]. Further, plaintiff did not sign both of the places provided for inmate signature on page 5. Lastly, plaintiff did not submit copies of relevant Step 2 grievances as required by the Amended Complaint form and as expressly ordered by the Court in the January 24, 2006 Notice of Deficiency Order. Moreover, review of plaintiff's original complaint revealed that there were no details concerning his claims provided therein. Plaintiff was warned that his original and amended complaints were both subject to dismissal for failure to state a claim.

Plaintiff's amended complaint was unfiled by Order of the Court for the defects noted above and for failure to comply with the Court's January 24, 2006 Notice of Deficiency Order. Plaintiff was given until May 5, 2006 in which to obtain a complaint form from his unit library, fill it out completely, sign it in all designated places, state all of his claims on the form by listing each act or omission by each defendant on which he bases his claim for liability against that defendant, with the date or approximate date of each act or omission, and submit it to the Clerk for filing. Plaintiff was further instructed not to incorporate by reference or otherwise any other document and to attach copies of the relevant step 2 grievances showing the responses by prison officials.

The response period has expired and plaintiff has utterly failed to submit any pleading in response. Further, as noted earlier, plaintiff's original complaint and his unfiled amended

---

[1] Plaintiff filed a motion for leave to proceed in forma pauperis and six-month history of inmate trust account on February 9, 2006.

[2] By his Statement of Claim, plaintiff referred the Court to the original complaint "for details".

complaint are too vague to state a claim against any of the named defendants and contain hints of, at most, allegations of negligence, if that.

Plaintiff has been afforded two opportunities to state his claims with adequate specificity and has failed to do so. Consequently, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

IT IS HEREBY ORDERED:

This Civil Rights Complaint is DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  31st  day of May, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE